United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSA ISELA ZARATE,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
and others,

Defendants.

Case No. 26-cv-03041-NC

**ORDER TO SHOW CAUSE REGARDING SHAM DEFENDANT'S CITIZENSHIP**

Re: ECF 2

Defendants Costco and Andrea Valdivias removed this case from Monterey County Superior Court on April 9, 2026.  This Order requires Defendants to "show cause" by filing a written response by May 5, 2026, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  District courts have subject matter jurisdiction through federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).

Defendants claim that Valdivias, a Costco employee, is a sham defendant included to destroy diversity jurisdiction and prevent removal.  ECF 2 at 3–4.  Plaintiff asked Defendants to identify the correct store manager where the alleged incident occurred.  *Id.*

at 20.  However, Defendants' removal does not contain their response, if any, to Plaintiff's inquiry.  The Court cannot ascertain whether complete diversity jurisdiction exists without more information on the correct store manager's citizenship.

Further, Defendants have not convinced the Court that Plaintiff cannot maintain an action against both Costco and one of its' employees.  *See, e.g.*, *Voyne v. Longs Drug Stores California L.L.C.*, No. 25-cv-09569-PCP, 2026 WL 710231, at *2 (N.D. Cal. Mar. 13, 2026) (remanding case where store manager was not fraudulently joined and could be liable on negligence theories).

In conclusion, Defendants have not established that federal subject matter jurisdiction is satisfied because they do not provide sufficient facts.  Accordingly, Defendants must show cause in writing by May 5, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction.  Plaintiff may respond by May 12, 2026.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

2